### GRAHAM v. ABBOTT et al.

No. 4680.

Court of Civil Appeals of Texas. Amarillo.

Oct. 26, 1936.

G. W. Staton, of Houston, and Banks & Nichols, of Marshall, for appellant.

L. A. Adamson and F. R. C. Brown, both of Houston, for appellees.

MARTIN, Justice.

Appellant and appellees were oil brokers, the first named residing at Houston, Tex., and the two last named residing in Louisiana. They entered into a joint adventure for the sale of five tankers (about 400,000 gallons) of East Texas crude oil. The following telegrams passed between them:

Appellees to appellant: "Rush Best Offer 3 or 4 Tankers East Texas Crude 34 to 35 Gravity Now Ready to Load Commission To Be Divided Equally Between Myself Associates Here And You."

The reply: "Firm Offer Four Tankers Martin Inspection Dollar Fifteen Net Commission Two and Half For Prompt Acceptance."

The answer: "Best Price Under The Hatch One Eighteen Texas Gulfport Must Have Commission Above This Good Till Monday During Banking Hours."

The reply: "Sold At One Eighteen Half Wonderful Price For Thirty Four Gravity."

Upon receipt of the last-quoted telegram, and without replying thereto, the appellees came to Houston "for the purpose of selling the oil in question to appellant's purchaser." The negotiations between such purchaser and appellees failed to result in a contract of purchase for the reason that such oil was not strictly East Texas crude. Appellant sued appellees upon an alleged contract to pay him a commission. His allegations respecting such contract in part were: "* *. * the said R. L. Abbott, acting for himself and in behalf of the said Rowland Preis as his associate or special partner, did enter into a contract, whereby the said R. L. Abbott and Rowland Preis, as associates or partners, agreed to sell and deliver under the hatch, at a Texas Gulf Port, four (4) tankers of East Texas crude oil, having 34 to 35 specific gravity, for a price of $1.18 per barrel; that the said defendants in said contract further agreed that they would pay to the plaintiff as a commission for

obtaining a buyer for such oil, one half of any and all prices over and above $1.18 per barrel."

The trial court found:

"Based upon the foregoing findings of fact and the evidence adduced upon the trial, I make the following conclusions of law:

"(1) That there was never any agreement on the part of the said R. L. Abbott and Rowland Preis to accept the sum of one-half cent per barrel on the amount of oil in controversy as the total commission to be made on said transaction.

"(2) I further conclude that the plaintiff, Joseph A. Graham, and the defendants R. L. Abbott and Rowland Preis were all acting as joint brokers in the transaction for the purpose of attempting to sell said oil."

Judgment was for appellees.

It is claimed here that appellees acted in bad faith, and that appellant was entitled to his commission, when he produced a purchaser, as he did, ready, able, and willing to buy East Texas crude at $1.18½ per barrel. He did not sue for damages based upon fraud or bad faith. He alleged and stood upon a specific contract to pay a commission. The court found, and upon sufficient evidence, that no such contract was proven. This ends the case. We think it sufficiently appears that the parties here were attempting to jointly sell this crude oil, and that their minds never met upon the amount of the commission. It seems plain that the sale price above $1.18, which determined the amount of commission, was to be agreed upon expressly or impliedly. The last telegram contained an offer, not shown to be accepted. How then could there be liability for one-half the amount above $1.18? The evidence clearly raised the issue found by the trial court in favor of appellees. We have here simply and only the question of whether or not the alleged contract was proven. A discussion of other matters is beside this.

The judgment is affirmed.